## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ANTHONY F. GALIOTO,

     Plaintiff,

-vs-

     Case No.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and CREDIT
ONE BANK, N.A.,

     Defendants.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, ANTHONY F. GALIOTO (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and CREDIT ONE BANK, N.A. (hereinafter "Credit One") (collectively hereinafter "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

1

## **PRELIMINARY STATEMENT**

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9.    Plaintiff is a natural person and resident of Richmond County in the State of New York. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia, 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.    Credit One is an FDIC insured national bank headquartered at 6801 S. Cimarron Road in Las Vegas, Nevada 89113 that upon information and belief conducts business in the State of Georgia.

20.    Credit One is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.    Credit One furnished information about Plaintiff to the CRAs which was inaccurate.

## **FACTUAL ALLEGATIONS**

22.    Plaintiff has a credit account with Credit One, account number ending in x8748, as to a credit card (hereinafter "Credit One Account").

23.    In or about December 2023, Plaintiff became aware of several unauthorized charges totaling approximately $1,400 to the Credit One Account when reviewing his account online.

24.    Plaintiff had not recently used the Credit One Account.

25.    Plaintiff did not authorize these charges and did not give permission to anyone to use the Credit One Account.

26.    Immediately, Plaintiff contacted Credit One to dispute the fraudulent charges, and Credit One opened an investigation.

27.    Approximately one (1) week later, Plaintiff received investigation results from Credit One which found him responsible for the fraudulent charges due to the credit card being a chip card which can only be used in person/in store.

28.    On or about January 5, 2024, Plaintiff filed a police report with the New York City Police Department regarding the fraudulent charges. As part of their investigation, the officer assigned to Plaintiff's case contacted the merchants who stated they had no receipts or records of the transactions made on the Credit One Account.

29.    Plaintiff contacted Credit One again to dispute the fraudulent charges, and again, Credit One found Plaintiff responsible for the charges and stated they confirmed with the merchants that Plaintiff came in to make those purchases. Despite the merchants having advised the New York City Police officer that they had no record of the transactions.

30.    On or about February 6, 2024, Plaintiff reviewed his credit file and observed the Credit One Account was reported with a fraudulent balance of $1,550 with a status of pays as agreed due to Plaintiff making the minimum payment only to protect his credit rating.

31.    On or about February 12, 2024, Plaintiff mailed a detailed written dispute letter to the CRAs concerning the inaccurate reporting. Plaintiff explained the balance of the Credit One Account was fraudulent, and he did not owe that

balance. In the letter, Plaintiff included an image of his driver's license and recent utility bill to confirm his identity. Plaintiff also included images of the erroneous credit reporting, a copy of the New York City Police Department police report, and other supporting documents.

32.    Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 0756 4108 53), Experian (9589 0710 5270 0756 4108 46), and Trans Union (9589 0710 5270 0756 4108 39).

33.    On or about February 23, 2024, Plaintiff received a notification from Experian that his dispute was open and under investigation.

34.    Despite confirmation of delivery, Plaintiff did not receive dispute results from Experian. However, upon review of his updated Experian credit report, Plaintiff observed the Credit One Account continued to be reported with an erroneous balance of $1,446, and with a comment which stated, "This item was updated from our processing of your dispute in March 2024".

35.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

36.    Experian never attempted to contact Plaintiff during the alleged investigation.

37.    Upon information and belief, Experian notified Credit One of Plaintiff's dispute. However, Credit One failed to conduct a reasonable investigation

and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

38.     Despite confirmation of delivery on February 15, 2024, Plaintiff did not receive dispute results in the mail from Trans Union. However, upon review of his updated Trans Union credit report, Plaintiff observed the Credit One Account continued to be reported with the erroneous balance of $1,446.

39.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

40.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

41.     Upon information and belief, Trans Union notified Credit One of Plaintiff's dispute. However, Credit One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

42.     Plaintiff did not receive dispute results in the mail from Equifax. However, upon review of his updated Equifax credit report, Plaintiff observed the Credit One Account continued to be reported with the erroneous balance of $1,446.

43.     Equifax failed to do any independent investigation into Plaintiff's disputes, and never attempted to contact Plaintiff regarding his dispute.

44.     Due to the continued inaccurate reporting, on or about March 27, 2024, Plaintiff mailed a second detailed written dispute letter to the CRAs. In the letter, Plaintiff reiterated that the balance of the Credit One Account was fraudulent and that he did not owe that balance. Plaintiff included an image of his driver's license and recent utility bill confirm his identity. Plaintiff also included images of the erroneous credit reporting, a copy of the New York City Police Department police report, and other supporting documents.

45.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1764 7084 06), Experian (9589 0710 5270 1764 7084 13), and Trans Union (9589 0710 5270 1764 7084 20).

46.     On or about April 6, 2024, Plaintiff received dispute results from Trans Union which stated the Credit One Account was verified as accurate and updated to reflect an erroneous balance of $1,421.

47.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

48.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

49.     Upon information and belief, Trans Union notified Credit One of Plaintiff's dispute. However, Credit One failed to conduct a reasonable investigation

and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

50.     On or about April 8, 2024, Plaintiff received dispute results from Equifax which stated the Credit One Account was verified as accurate and updated to reflect an erroneous balance of $1,421.

51.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

52.     Equifax never attempted to contact Plaintiff during the alleged investigation.

53.     Upon information and belief, Equifax notified Credit One of Plaintiff's dispute. However, Credit One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

54.     Despite confirmation of delivery on April 4, 2024, Plaintiff did not receive dispute results in the mail from Experian. However, upon review of his updated Experian credit report, Plaintiff observed the Credit One Account continued to be reported with an erroneous balance of $1,396, and with a comment which stated, "This item was updated from our processing of your dispute in April 2024".

55.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

56.    Experian never attempted to contact Plaintiff during the alleged investigation.

57.    Upon information and belief, Experian notified Credit One of Plaintiff's dispute. However, Credit One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

58.    On or about May 7, 2024, Plaintiff obtained updated copies of his credit reports. Upon review, Plaintiff observed the Credit One Account continued to be reported with an erroneous balance of $1,396. Plaintiff made the minimum payment due only to protect his credit rating.

59.    Despite Plaintiff's best efforts to have the inaccurate reporting corrected, Defendants continued to report the fraudulent and inaccurate balance of the Credit One Account to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

60.    Defendants have never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of the Complaint with Defendants' refusal to conduct a meaningful and thorough investigation into his disputes as it is required by law or otherwise make his credit file accurate.

61.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.      Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.      Loss of time attempting to cure the errors;

iii.      Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors; and

iv.      Delay in applying for personal loans and lines of credit due to fear of denials.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

62.      Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

63.      Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

12

64.     Equifax allowed for a furnisher to report inaccurate information on an account.

65.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

66.     Equifax violated its own policies and procedures by not removing the fraudulent balance to make his credit file accurate when Plaintiff provided a copy of the filed New York City Police Department police report, which contained sworn testimony of the fraud.

67.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

68.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

69.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ANTHONY F. GALIOTO, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### <u>COUNT II</u>
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

70.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

71.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

72.     Equifax allowed for a furnisher to report inaccurate information on an account.

73.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

74.     Equifax violated its own policies and procedures by not removing the fraudulent balance to make his credit file accurate when Plaintiff provided a copy of

the filed New York City Police Department police report, which contained sworn testimony of the fraud.

75.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

76.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

77.     Plaintiff is entitled to recover costs and attorney's fees Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ANTHONY F. GALIOTO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

78.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

79.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

80.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

81.   As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

82.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

83.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ANTHONY F. GALIOTO, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

84.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

85.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

86.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate reporting, upon information

and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

87.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

88.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

89.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ANTHONY F. GALIOTO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT V
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Experian Information Solutions, Inc. (Negligent)**

90.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

91.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

92.     Experian allowed for a furnisher to report inaccurate information on an account.

93.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

94.     Experian violated its own policies and procedures by not removing the fraudulent balance to make his credit file accurate when Plaintiff provided a copy of the filed New York City Police Department police report, which contained sworn testimony of the fraud.

95.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

96.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

97.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ANTHONY F. GALIOTO, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

98.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

99.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

100.    Experian allowed for a furnisher to report inaccurate information on an account.

101.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

102.   Experian violated its own policies and procedures by not removing the fraudulent balance to make his credit file accurate when Plaintiff provided a copy of the filed New York City Police Department police report, which contained sworn testimony of the fraud.

103.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

104.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

105.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ANTHONY F. GALIOTO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

106.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

107.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

108.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

109.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming

from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

110.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

111.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ANTHONY F. GALIOTO, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

112.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

113.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

114.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

115.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

116.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

117.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ANTHONY F. GALIOTO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

118.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

119.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

120.   Trans Union allowed for a furnisher to report inaccurate information on an account.

121.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

122.   Trans Union violated its own policies and procedures by not removing the fraudulent balance to make his credit file accurate when Plaintiff provided a copy of the filed New York City Police Department police report, which contained sworn testimony of the fraud.

123.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

124.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

125.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ANTHONY F. GALIOTO, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

126.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

127.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

128.   Trans Union allowed for a furnisher to report inaccurate information on an account.

129.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

130.   Trans Union violated its own policies and procedures by not removing the fraudulent balance to make his credit file accurate when Plaintiff provided a copy of the filed New York City Police Department police report, which contained sworn testimony of the fraud.

131.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

132.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

133.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ANTHONY F. GALIOTO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## <u>COUNT XI</u>
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

134.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

135.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

136.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

137.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

138.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

139.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ANTHONY F. GALIOTO, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

140.  Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

141.  After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

142.  Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

143.  As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

144.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

145.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ANTHONY F. GALIOTO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Credit One Bank, N.A. (Negligent)

146.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

147.   Credit One furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

148.   Upon information and belief, after receiving Plaintiff's disputes, Credit One violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to

permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

149.   Plaintiff provided all the relevant information and documents necessary for Credit One to have identified that the account balance was fraudulent and inaccurate.

150.   Credit One did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Credit One by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

151.   Credit One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

152.   As a result of this conduct, action, and/or inaction of Credit One, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

153.   The conduct, action, and/or inaction of Credit One was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

154.   Plaintiff is entitled to recover costs and attorney's fees from Credit One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ANTHONY F. GALIOTO, respectfully requests that this Court award actual damages against Defendant, CREDIT ONE BANK, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Credit One Bank, N.A. (Willful)

155.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

156.   Credit One furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

157.   Upon information and belief, after receiving Plaintiff's disputes, Credit One violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate

Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

158.   Plaintiff provided all the relevant information and documents necessary for Credit One to have identified that the account balance was fraudulent and inaccurate.

159.   Credit One did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Credit One by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

160.   Credit One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

161.   As a result of this conduct, action, and/or inaction of Credit One, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

162.   The conduct, action, and/or inaction of Credit One was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

163.   Plaintiff is entitled to recover costs and attorney's fees from Credit One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ANTHONY F. GALIOTO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CREDIT ONE BANK, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANTHONY F. GALIOTO, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and CREDIT ONE BANK, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 9th day of May 2024.

Respectfully Submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*